UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDINSON RUIZ ESTUPINAN

vs.

Case No. 8:13-CV-1777-T-27TGW
Case No. 8:05-CR-364-T-27TGW

UNITED STATES OF AMERICA
_____/

ORDER

**BEFORE THE COURT** is Petitioner's construed Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). The motion is DISMISSED as time barred.

Because Petitioner's motion constitutes a collateral attack on his conviction and the proper avenue of relief is under 28 U.S.C. § 2255, Petitioner was notified pursuant to *Castro v. United States*, 540 U.S. 375 (2003) that his motion would be re-characterized as a motion to vacate under 28 U.S.C. § 2255, and that a subsequent Section 2255 motion would be subject to the restrictions on second or successive motions (CR Dkt. 140). Petitioner was instructed that he could (1) withdraw his motion, (2) file an amended motion, or (3) have the motion construed as a Section 2255 motion as filed. Petitioner was further instructed that his motion would be construed as a Section 2255 motion if he did not respond to the Castro notice. Petitioner did not respond to the *Castro* notice.

Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts (2005),[1] the Court has undertaken a preliminary review of the construed Section 2255 motion and the prior proceedings in the underlying criminal case. The motion is due to be

---

[1] Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

1

summarily dismissed without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is not entitled to relief because the motion is time-barred. *Murphy v. United States*, 634 F.3d 1303, 1306 n.8 (11th Cir. 2011). A response to the motion is therefore unnecessary.

## Procedural History

Petitioner pleaded guilty to conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (Count One) and possession with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States (Count Two) (CR Dkts. 55, 56, 66). He was sentenced to concurrent terms of 135 months as to each count and judgment was entered on February 28, 2006 (CR Dkt. 76). His sentence was affirmed on appeal and the mandate issued on January 10, 2007 (CR Dkt. 109); *United States v. Edinson,* 209 Fed. Appx. 947 (11th Cir. 2006). This is his first collateral attack on his sentence and conviction.

## Timeliness

Generally, a Section 2255 motion must be filed within one year of when a conviction becomes final. 28 U.S.C. § 2255(f). When a direct appeal is filed, a conviction becomes final 90 days after the appellate mandate issues, unless a timely petition for certiorari review is filed with the United States Supreme Court. *Ramirez v. United States*, 146 Fed.Appx. 325, 326 (11th Cir. 2005). Petitioner's appellate mandate issued on January 10, 2007 (CR Dkt. 109). His conviction therefore became final on April 10, 2007, ninety days after the mandate issued, since he did not seek certiorari review in the United States Supreme Court. Accordingly, he had one year from April 10, 2007 within which to file a timely § 2255 motion to vacate. The instant motion was filed more than four years after his conviction became final. Accordingly, absent an exception to the one year limitation

period or a showing that the one year limitation period was triggered by a later date under § 2255(f)(2)-(4), the motion is time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

To avoid the limitations bar, a Petitioner must show that he was prevented from filing a timely motion because of extraordinary circumstances that were beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). In the *Castro* notice, Petitioner was directed to show cause why his construed Section 2255 motion should not be dismissed as time barred (Dkt. 539, p. 3). As noted, Petitioner failed to respond to the *Castro* notice.

There is nothing in the record indicating that an impediment created by governmental action

prevented Petitioner from filing a timely § 2255 motion or that he could not have discovered the facts supporting his claim through the exercise of due diligence. Rather, Petitioner's motion relies solely on the recent opinion in *Bellaizac-Hurtado* in support of his claim that application of the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a) and 70506 ("MDLEA") in his case was unconstitutional.

Implicit in Petitioner's motion is a contention that *Bellaizac-Hurtado* constitutes a new legal right and that the one year limitation period was extended under 28 U.S.C. §2255(f)(3). Such a contention would be misplaced. Section 2255(f)(3) does not delay the start of the one year limitation period because that section requires the recognition of a new right by the U.S. Supreme Court made retroactive to cases on collateral review. *Bellaizac-Hurtado* is a circuit court decision.

Neither does Section 2255(f)(4) extend the limitation period. A judicial decision does not constitute new factual information affecting a defendant's claim. *See Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.").

To the extent Petitioner's motion challenges subject matter jurisdiction, the one year limitation period would nonetheless bar his claim. *Williams v. United States*, 383 Fed.Appx. 927, 929 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 846 (2010).[2] While a guilty plea does not waive subject matter jurisdiction and lack of subject matter jurisdiction may be challenged at any time, *United*

---

[2] There is authority that a challenge to the facial constitutionality of the MDLEA constitutes a jurisdictional challenge which is not waived by a guilty plea. *See United States v. Madera-Lopez*, 190 Fed. Appx. 832, 834 (11th Cir. 2006). Notwithstanding, in this Circuit the MDLEA has consistently been upheld against constitutional challenges. *See United States v. Estupinan*, 453 F.3d 1336, 1338-39 (11th Cir. 2006); *United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002), *cert. denied*, 538 U.S. 909 (2003); *United States v. Rendon*, 354 F.3d 1320, 1324-25 (11th Cir. 2003), *cert. denied*, 541 U.S. 1035 (2004); *United States v. Estupinan-Estupinan*, 244 Fed.Appx. 308, 309-10 (11th Cir. 2007).

4

*States v. Peter*, 310 F.3d 709, 713 (11th Cir. 2002), there is no claim in Petitioner's motion that his Indictment failed to charge an offense under the United States Code or that he was convicted of a "non offense." *See United States v. McIntosh*, 704 F.3d 894, 902 (11th Cir. 2013) (where indictment does not charge an offense under the United States Code, district court is deprived of jurisdiction). Rather, his motion raises an *as applied* challenge to the MDLEA. By pleading guilty, Petitioner waived his "as applied" challenge to the constitutionality of the MDLEA, since such a challenge is nonjurisdictional. *United States v. Feaster*, 394 Fed.Appx. 561, 564 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 968 (2011).[3]

Petitioner's conviction became final more than one year before he filed his § 2255 motion to vacate. None of the statutory exceptions which extend the one year limitation period apply. And Petitioner makes no showing of equitable tolling. The motion is therefore time-barred.

### The Merits

Even if Petitioner's claim is not time-barred, it is subject to summary dismissal on the merits. In his motion, Petitioner raises a single claim in which he challenges the application of the MDLEA to his case. Relying on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), he contends that his conviction should be vacated, arguing that the United States "has no juridicton [sic] to prosecute drug-trafficking activities occurring on other nations [sic] territorial [sic] waters."

In *Bellaizac-Hurtado*, the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a) and 70506 ("MDLEA") was found unconstitutional as applied to drug-trafficking activities "in the

---

[3] Even if Petitioner's motion could be construed to include a claim of actual innocence, he fares no better. Assuming that a showing of actual innocence constitutes an exception to the AEDPA's one year limitation period, Petitioner makes no showing of actual innocence. "Actual innocence," for these purposes, means "factual innocence," as opposed to mere legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Rozzelle v. Sec'y, Fla. Dept. of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012). Petitioner's argument would necessarily be that his drug activities did not constitute a crime because Congress did not have the authority to proscribe narcotic trafficking on the high seas. In the context of a limitations discussion, this constitutes a claim of legal innocence as opposed to factual innocence.

territorial waters of Panama." *Bellaizac-Hurtado* at 1258 (emphasis added). The Court reasoned: "Because drug trafficking is not a violation of customary international law, . . . Congress exceeded its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in the territorial waters of Panama." *Id.* (emphasis added). *Bellaizac–Hurtado* is therefore limited to instances where a defendant is prosecuted under the MDLEA for drug activities in a foreign country's territorial waters, as opposed to international waters.

Petitioner's reliance on *Bellaizac-Hurtado* is misplaced, as *Bellaizac–Hurtado* is factually distinguishable. The vessel on which Petitioner was found was interdicted in international waters in the eastern Pacific Ocean. When he pleaded guilty, Petitioner admitted that his go-fast vessel was in the Eastern Pacific Ocean, expressly agreeing that it was "approximately 307 nautical miles Northwest of Ecuador, 230 nautical miles southwest of the Galapagos Islands" (CR Dkt. 42, p. 2; CR Dkt. 102 p. 10-11). Accordingly, *Bellaizac-Hurtado* has no application to Petitioner's case.

Indeed, the Court in *Bellaizac-Hurtado* recognized that Eleventh Circuit precedent has upheld the constitutionality of MDLEA prosecutions involving "conduct on the high seas." *Id.* at 1257; *see United States v. Estupinan*, 453 F.3d at 1338-39 (extraterritorial MDLEA prosecution of drug traffickers interdicted in international waters off Ecuador is constitutional exercise of authority pursuant to Piracies and Felonies Clause, which "empowers Congress '[t]o define and punish Piracies and Felonies on the high Seas, and Offences against the Law of Nations.' U.S. Const., art. I, § 8, cl. 10."), *cert. denied,* 549 U.S. 1267 (2007)).

Petitioner's construed Motion to Vacate, Set Aside or Correct Sentencing Under 28 U.S.C. § 2255 (CV Dkt. 1) is therefore DISMISSED. The Clerk is directed to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability or to proceed *in forma pauperis* on appeal. There is no absolute right to appeal in this instance. A certificate of appealability must be issued upon a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the required showing.

**DONE AND ORDERED** this 15th day of July, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of Record